HAWAIIAN DREDGING CO., Limited v. HANSON et al.

Civ. No. 1333.

United States District Court
D. Hawaii.
Sept. 21, 1953.

860

Anderson, Wrenn & Jenks and Richard E. Stifel, Honolulu, Hawaii, for plaintiff.

A. William Barlow, U. S. Atty., Louis B. Blissard, Asst. U. S. Atty., Honolulu, Hawaii, for defendant C. F. Hanson, Deputy Commissioner.

Esposito & Esposito, Honolulu, Hawaii, for defendant James C. Gohier.

WIIG, District Judge.

This is an action brought by the Hawaiian Dredging Company, Limited, seeking judicial review of a compensation order and award entered by defendant C. F. Hanson, Deputy Commissioner, directing payment of compensation to James C. Gohier, legal guardian for the children of Charles Louis Gohier, deceased employee of the plaintiff. The compensation order was made pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, 33 U.S.C.A. § 901 et seq., as extended by the Act of August 16, 1941, 42 U.S.C.A. §§ 1651–1654.

The deceased employee of the plaintiff died as a result of injuries sustained on the dredge "C. F. Weeber" on February 23, 1952, at Johnston Island. The Deputy Commissioner conducted an investigation at Johnston Island and in Honolulu in conformity with law and found "that the death of the employee arose out of and in the course of his employment, and was not the result of a willful intention to kill himself; * * *"

Plaintiff contends above finding and the order and award of the Deputy Commissioner were not in accordance with law in that the fatal injury was occasioned solely by the willful intention of the employee to kill himself, and that the fatal injury did not arise out of and in the course of employment within the meaning of the appropriate sections of the Longshoremen's and Harbor Workers' Compensation Act. A contention that one of the claimants was not the child of the decedent was withdrawn by the plaintiff.

Defendants filed a motion to dismiss the complaint on the ground that the plaintiff has failed to state a claim or cause of action. The case was submitted by counsel who have filed extended and enlightening memoranda in support of their respective positions.

■ It is not the function of this Court to re-weigh the evidence which was presented to the Deputy Commissioner at the investigation conducted by him. The sole question before the Court is whether or not there was substantial evidence upon which the Deputy Commissioner could base the findings which he made.

■ The findings of the Deputy Commissioner are conclusive even though the evidence permits conflicting inferences, and it is the duty of the Court to give the award effect if there is evidence to support it. As the Supreme Court said in Cardillo v. Liberty Mutual Co., 330 U.S. 469, 477–478, 67 S.Ct. 801, 806, 91 L.Ed. 1028:

"In determining whether a particular injury arose out of and in the course of employment, the Deputy Commissioner must necessarily draw an inference from what he has found to be the basic facts. The propriety of that inference, of course, is vital to the validity of the order subsequently entered. But the scope of judicial review of that inference is sharply limited by the * * * [statute]. If supported by evidence and not inconsistent with the law, the Deputy Commissioner's inference that an injury did or did not arise out of and in the course of employment is conclusive. No reviewing court can then set aside that inference because the opposite one is thought to be more reasonable; nor can the opposite inference be substituted by the court because of a belief that the one chosen by the Deputy Commissioner is factually questionable."

See also Del Vecchio v. Bowers, 296 U. S. 280, 287, 56 S.Ct. 190, 80 L.Ed. 229, and Norton v. Warner Co., 321 U.S. 565, 568, 64 S.Ct. 747, 88 L.Ed. 430.

 After a careful examination of the record in this proceeding, the Court finds there is substantial evidence to support the findings of the Deputy Commissioner.

The motion to dismiss is granted.